UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JACK JUSTIN MASSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-CV-184-ZMB |
| | ) | |
| NEW MADRID COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Jack Justin Massey's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, and Motion for Appointment of Counsel, Doc. 3. Because Massey cannot pay the filing fee, the Court grants his Application and waives the filing fee. However, after screening the Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court dismisses this action for failure to state a claim upon which relief may be granted and, consequently, denies as moot Massey's motion to appoint counsel.

## BACKGROUND[1]

This is the second time Massey has attempted to assert his underlying claims related to a state-court prosecution. The Court dismissed his first case on initial review. *See Massey v. Underwood*, 1:25-CV-116-SRC, Doc. 14 (E.D. Mo. Oct. 3, 2025) (*Massey I*). In response, Massey told the Court, "I won't bother with an appeal. I've decided to file a new case, as I'm undeterred from seeking justice and regaining my freedom." *Id.*, Doc. 16 at 1. About two weeks later, Massey filed this case.

[1] As required at this stage, the Court accepts as true the allegations from the Complaint.

In *Massey I*, Massey filed suit against two state court judges whom he said were violating his constitutional rights. Specifically, he claimed, "I believe they will use every dirty trick & legal loophole to keep me locked up for 5 years & cite the word 'Terrorism' as the justification." *Id.*, Doc. 1 at 4. While he has not named these two judges in the instant case, he does repeat nearly all of the allegations that the Court already found insufficient to survive initial review.

Here, Massey names New Madrid County as the sole Defendant. He alleges multiple judges in the county "habitually violate[] people's civil rights" by housing them in the Mississippi County jail under allegedly unconstitutional conditions. *Id.* The Mississippi County jail allows "no outdoor recreation, no sunlight, mold exposure, and starvation." *Id.* Massey claims he "served an effective 22 month jail sentence because they were trying to break my spirit and absolutely refused to allow me in a courtroom, let alone actually go to trial, where some of their fellows would be exposed as sadistic and corrupt." *Id.* Attached to Massey's form complaint are an additional eight pages of handwritten allegations that can be divided into six categories: (1) claims regarding his psychological examinations; (2) delays to his speedy-trial rights; (3) claims regarding his inability to communicate or meet with his public defender; (4) alleged violations of his due process rights from judges in New Madrid County; (5) alleged cruel and unusual punishment because he is housed in a jail in a separate county from where he was arrested; and (6) his alleged false imprisonment. Doc. 1-1 at 1–9. Massey concludes his Complaint by stating, "I've been wrongfully arrested, falsely incarcerated, slandered, and effectively tortured in ways I may or may not further discuss during future court proceedings . . . ." *Id.* at 8. He then attaches 13 pages of artificial intelligence search results, from which he seems to have drafted his complaint. *Id.* at 9–25. For relief, Massey asks for $24 million in damages, his release from custody, and the dismissal of all criminal charges.

## LEGAL STANDARD

Under 28 U.S.C. §1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action "fails to state a claim on which relief may be granted." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plausible claim for relief also requires more than the "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In doing so, the court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). Further, the Court need not assume unalleged facts. *See Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by self-represented parties. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). When reviewing a pro se litigant's complaint under section 1915, the Court liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). In other words, if a court can discern "the essence of an allegation," it

should interpret the complaint in a way that permits it to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## DISCUSSION

### I. Claims Against Defendant New Madrid County

Massey's Complaint fails to state a plausible claim for relief against New Madrid County—the only named Defendant in this action. Section 1983 permits lawsuits against local governments for constitutional violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But *Monell* liability attaches only where the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). The Court limits its consideration to official municipal policies because Massey does not assert an unofficial custom or failure to train. An unconstitutional policy refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016). While Massey raises two main complaints, both fall short of asserting a cognizable policy.

Indeed, Massey refers to no specific county policy as a cause for his alleged constitutional violations. *See Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992) ("A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body."). Nor has he identified the relevant individual with final policymaking authority over his identified issues. *Corwin*, 829 F.3d at 700. He states that the judges presiding over his criminal case granted his forensic psychologist extensions of time to complete his exam, which "suggest[s] it is county policy to maliciously hinder a detained individual['s] defense and violate their civil rights using a clearly unconstitutional state law,

habitually." Doc. 1-1 at 1–2. But he cites no policy statement, ordinance, regulation, or officially adopted decision by New Madrid County's governing body. *See Angarita*, 981 F.2d at 1546. His only evidence of such a county policy is his allegation that he believes his psychiatric exam was ordered to violate his constitutional rights to a speedy trial. Accordingly, he has failed to plausibly allege that New Madrid County has a policy of violating criminal defendants' rights by ordering psychiatric examinations.

Massey also states that New Madrid County has a policy of violating criminal defendants' rights by permitting remote hearings via teleconference and not transporting them to criminal hearings in New Madrid County. Doc. 1-1 at 2. He alleges this policy violates his Sixth Amendment rights "to counsel, right to confront witnesses, and right to fair court proceedings[.]" *Id.* Massey does not allege how conducting hearings (as opposed to jury trials) via teleconference violates the Sixth Amendment. It is the Fifth Amendment's due process clause that provides the right to be present at criminal proceedings, as opposed to the Sixth Amendment's right to be present at trial.[2] *United States v. Braman*, 33 F.4th 475, 480 (8th Cir. 2022). But Massey has not alleged his absence in person in the courtroom during a hearing adversely affected his opportunity to defend himself against his criminal charges. *Id.* (citing *United States v. Gunther*, 631 F.2d 583, 589 (8th Cir. 1980) (due process "does not assure 'the privilege of presence when presence would be useless, or the benefit but a shadow'")). Nor has he identified any policy set by New Madrid County that mandates a lack of responsiveness from appointed counsel.

For these reasons, the Court cannot find any policy enacted by New Madrid County violated Plaintiff's constitutional rights. Thus, even accepting Massey's allegations as true, he fails to state a section 1983 claim against New Madrid County.

---

[2] Nor does it constitute a violation of the Suspension Clause, as Massey also seems to suggest. *See* Doc. 1-1 at 2.

## II. Claims of Speedy Trial Violations

Massey also seeks release from confinement and to have the criminal charges against him dismissed due to a purported violation of his Sixth Amendment right to a speedy trial. He contends that the state court's allowance of 210-day extensions for mental health exams under Missouri Revised Statute § 552.020 violates his right to a speedy trial. Doc. 1-1 at 1. However, Massey's Complaint is an inappropriate vehicle for challenging his conviction or securing his release from prison.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Adams v. Agniel*, 405 F.3d 643, 644–45 (8th Cir. 2005). "As a prerequisite to federal habeas review, a petitioner must exhaust state remedies and present the *same legal theories and factual bases* to the state courts." *Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). "To satisfy the exhaustion requirement, a person confined in [a Department of Mental Health facility] must apply for release under [Missouri Revised Statute] § 552.040 before filing a petition for writ of habeas corpus." *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). Under Missouri law, such applications must be filed in the court that ordered commitment, with the committed individual bearing the burden of proving that he does not have a mental disease or defect. *See* MO REV. STAT. § 552.040.5 & .7(6). "Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals, and if unsuccessful there, apply for transfer to the Missouri Supreme Court." *Id.*

Here, Massey's section 1983 complaint is not the proper vehicle for seeking dismissal of his criminal charges for alleged violations of Missouri state law regarding psychological exams. Even if he had filed a habeas petition, however, he has demonstrated that he exhausted his available state remedies. As such, the Court may not grant the relief he seeks.

**CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiff Jack Justin Massey's [2] Application to Proceed in District Court Without Prepaying Fees or Costs. However, after initial review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court **DISMISSES** this action without prejudice and **DENIES** Massey's [3] Motion to Appoint Counsel as moot.

So ordered this 28th day of August 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE